O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WILSON,<br><br>                Plaintiff,<br><br>   v.<br><br>ST. FRANCIS MEDICAL CENTER, ET AL.,<br><br>                Defendants. | Case No.: LA CV 21-05587-MEMF(ASx)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [ECF NO. 119] AND REQUEST FOR JUDICIAL NOTICE [ECF NO. 119-1] AND DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE [ECF NO. 130]** |

     Before the Court is the Motion to Dismiss and Request for Judicial Notice filed by Defendant St. Francis Medical Center and the Request for Judicial Noticed filed by Plaintiff Christopher Wilson. ECF Nos. 119, 119-1, 130.  The Court deems this matter appropriate for resolution without oral argument and vacates the hearing set for December 1, 2022. *See* C.D. Cal. L.R. 7-15.

     For the reasons stated herein, the Court GRANTS in part the Motion to Dismiss (ECF No. 119); GRANTS St. Francis's Request for Judicial Notice of Exhibit A (ECF No. 119-1); and DENIES Wilson's Request for Judicial Notice of Exhibits A and B (ECF No. 130).

/ / /

**BACKGROUND**

I. **Factual Background**[1]

On June 21, 2021, Plaintiff Christopher Wilson ("Wilson") was hit by a vehicle and transported to St. Francis Medical Center ("St. Francis") by Johanna Vizcarra. FAC at 1:21–2:4. Wilson arrived at St. Francis at approximately 4:30 p.m. but never received any treatment. *Id.* at 4:9–11. Wilson was left unattended in the waiting room for five hours, where he eventually fell asleep. *Id.* at 3:18–4:26. After realizing he had been left unattended, he attempted to lodge a complaint with St. Francis employees. *Id.* at 9:7–11. Instead of providing him with care, the employees asked Wilson to leave and escorted him out of the building. *Id.* at 12:4–26.

Wilson was later diagnosed with a concussion and brain contusion by doctors at Centenela Hospital. *Id.* at 13:5–10. As a result of his injuries, Wilson continues to suffer from a speech impediment, severe headaches, dizzy spells, and has difficulty performing daily tasks. *Id.* at 13:11–15.

II. **Procedural Background**

On July 9, 2021, Wilson filed this action against St. Francis. ECF No. 1 ("Complaint" or "Compl."). On April 22, 2022, Wilson filed a First Amended Complaint against St. Francis, and its employees Rosemary Martinez ("Martinez"), Leilanie Arsua ("Arsua"), Sergio Sarabia ("Sarabia"), and Taniesha Coleman ("Coleman") (collectively, "Defendants"), alleging causes of action for: (1) violations of the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd; (2) negligence; (3) professional negligence; (4) premises liability; and (5) medical malpractice. *See generally* FAC.

On April 4, 2022, Wilson filed a Motion for Partial Summary Judgment on his EMTALA claims. ECF No. 99. Defendants have not filed any Opposition. On May 18, 2022, St. Francis filed the instant Motion to Dismiss. ECF No. 119 ("Motion" or "Mot."). The Motion was fully briefed on October 20, 2022. ECF Nos. 129 ("Opposition" or "Opp'n"), 142 ("Reply").

/ / /

---

[1] The facts set forth below are taken from the First Amended Complaint. ("FAC") ECF No. 111.

# REQUEST FOR JUDICIAL NOTICE

## I. Applicable Law

A court may take judicial notice of facts not subject to reasonable dispute where the facts "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). Under this standard, courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

The Court generally may not consider any material beyond the pleadings in ruling on a motion to dismiss, with the exception of "a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Under the doctrine of incorporation by reference, the Court may consider not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided: (1) the complaint "necessarily relies" on the documents or contents thereof; (2) the document's authenticity is uncontested; (3) and the document's relevance is uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir.2010).

## II. St. Francis's Request for Judicial Notice

St. Francis submits—and asks the Court to take judicial notice of—one (1) exhibit in support of its Motion to Dismiss:

1. July 22, 2021 Complaint in *St. Francis Medical Center v. Christopher Wilson*, Case No. 21STCV26957, Superior Court of California County of Los Angeles.

ECF No. 119-1.

Although a district court generally may not consider any material beyond the pleadings in ruling on a motion to dismiss, the court may take judicial notice of matters in the public record. *Lee*, 250 F.3d at 689–90. The Ninth Circuit has recognized public records, including court documents, as proper subjects for judicial notice. *See, e.g.*, *U.S. v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Courts generally "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. v. Black*, 482 F.3d at 1041 (internal quotations omitted).

Here, the exhibit submitted by St. Francis falls into the category of judicial records that courts have deemed proper for judicial notice. The Court therefore GRANTS St. Francis's Request to take judicial notice of Exhibit A.

### III. Wilson's Request for Judicial Notice

Wilson submits—and asks the Court to take judicial notice of—two (2) exhibits in support of its Motion to Dismiss:

1. A medical record for patient, Christopher Wilson
2. A copy of St. Francis Medical Center's "Patient Rights and Responsibilities," available at St. Francis's website.

ECF No. 130 ("Wilson's RJN").

St. Francis objects to Wilson's requests. As to Exhibit A, St. Francis asserts that Wilson improperly asks this Court to conclude that St. Francis took two hours to call Wilson's name based upon the medical record. ECF No. 143 at 4. As to Exhibit B, St. Francis asserts that Wilson improperly asks this Court to conclude that St. Francis violated its own records and procedures. *Id.* However, the Court does not interpret Wilson's RJN as requests for the Court to draw any conclusions. The Court interprets his RJN as requests for the Court to take judicial notice of Exhibits A and B and proceeds to analyze whether the documents are proper subjects for judicial notice.

At the motion to dismiss stage, the Court may not consider any material beyond the pleadings with the exception of "a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document." *Swartz*, 476 F.3d at 763. The Court finds the FAC does not reference the medical record in Exhibit A nor St. Francis's policies on "Patient Rights and Responsibilities" in Exhibit B. Since the FAC does not reference the contents of these exhibits, Wilson has failed to demonstrate that he "necessarily relies" on these Exhibits to support his allegations. *Coto*, 593 F.3d at 1038.

Accordingly, the Court DENIES Wilson's Request to take judicial notice of Exhibits A and B.

**MOTION TO DISMISS**

I. **Applicable Law**

Under Federal Rule of Civil Procedure Rule 12(b)(6), a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The purpose of Rule 12(b)(6) is to "enable defendants to challenge the legal sufficiency of claims asserted in a complaint." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A district court may properly dismiss a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts to support a cognizable legal theory. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard generally only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than "threadbare recitals of the elements of a cause of action." *Id.* "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824 F.3d at 1159; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."). This tenet, however, is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## II. Discussion

**A. The allegations in the FAC do not contradict Wilson's original Complaint.**

St. Francis argues that the Wilson's allegations in the FAC contradict his allegations in the Complaint ("Compl.") and in a complaint filed in Los Angeles County Superior Court ("LASC Compl."). Mot. at 4. St. Francis asserts that in the Complaint and state court complaint, Wilson admitted that he was not denied care. *Id.* However, St. Francis observes that this admission was deleted from the FAC and an additional allegation that employees forced him out of the hospital on account of racial bias was included. *Id.* at 5. Wilson disputes these assertions. Opp'n at 19–20.

In his Complaint and state court complaint, Wilson alleges that after he attempted to lodge a complaint with St. Francis, "security was called" and he was "escort[ed] [] out of the hospital for complaining about the hospital[']s level of competence." Compl. at 2:10–13; *see also* LASC Compl. at 979:6–10[2] ("security was called and he told me I had to exit because I'm not in their system"). In the FAC, Wilson similarly alleges that employees "called the security to escort the plaintiff out of the hospital while injured." FAC at 25:9–10. While the FAC includes the additional allegation that security referenced his "race" when escorting him out, this new fact does not contradict his previous allegations.

**B. Wilson's EMTALA claim (first cause of action) is properly pleaded.**

St. Francis seeks to dismiss Wilson's EMTALA claims for failure to screen and failure to stabilize on the grounds that Wilson voluntarily left the hospital before St. Francis could administer care. Mot. at 6–9. Wilson argues that he did not receive a proper screening and received different treatment than other patients at the hospital. Opp'n at 21.

EMTALA imposes two duties on hospital emergency rooms: (1) a duty to screen a patient for an emergency medical condition, and (2) once an emergency condition is found, a duty to stabilize the patient before transferring or discharging him. *See* 42 U.S.C. § 1395dd; *Jackson v. East Bay*

---

[2] The LASC Complaint can be found at what has been Bates stamped as page ID # 970–80 in ECF No. 119-1. The Court uses Bates stamped numbers throughout this Order when referring to various exhibits.

*Hospital*, 246 F.3d 1248, 1254–55 (9th Cir. 2001). The Court first addresses whether St. Francis has satisfied EMTALA's screening requirement.

          i. <u>Wilson has sufficiently alleged a claim for failure to screen under EMTALA.</u>

In order to satisfy the statutory screening requirement, a hospital must "provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition . . . exists.'" *Baker v. Adventist Health, Inc.*, 260 F.3d 987, 992 (9th Cir. 2001) (citing 42 U.S.C. § 1395dd(a)).

Wilson alleges the following facts in support of his failure to screen claim:

> 4:8–15. THE PLAINTIFF ARRIVED AT ST. FRANCIS MEDICAL CENTER AT APPROXIMATELY 4:20 OR 4:30 AND NEVER RECEIVED ANY TREATMENT. THERE IS NO DOCUMENTATION OF HIS BASIC MEDICAL INFORMATION WHICH WOULD INCLUDE HIS HEIGHT, WEIGHT, BLOOD PRESSURE, TEMPERATURE AND PULSE RATE.
>
> 4:19–20. THE PLAINTIFF FINALLY REGAINED HIS CONSCIOUSNESS AT 9:30 P.M APPROXIMATELY FIVE HOURS LATER.
>
> 5:18. THE PLAINTIFF WAS NEVER SCREENED OR STABILIZED.
>
> 7:2–4. PLAINTIFF BELIEVES HE WAS MISTREATED DUE TO HIS RACE.
>
> 11:5–14. DEFENDANT ARSUA CALLED THE PUBLIC SAFETY OFFICERS, SERGIO SARABIA AND TANIESHA COLEMAN, WHOM ARE ALSO DEFENDANTS IN THIS COMPLAIMNT, TO REMOVE THE PLAINTIFF FROM THE PREMISES. DEFENDANT ARSUA MADE A CALL TO DEFENDANTS SERGIO SARABIA AND TANIESHA COLEMAN THAT THERE WAS A BLACK MALE VERY ANGRY IN THE EMERGENCY ROOM.
>
> 12:7–26. DEFENDANT SARABIA FINALLY APPROACHED THE PLAINTIFF AND STATED, "SHE (DEFENDANT ARSUA) STATED YOU WERE BEING AGGRESSIVE AND NEED TO LEAVE". DEFENDANT SARABIA BEGAN RAISING HIS VOICE IN AN AUTHORITIVE TONE TOWARDS THE PLAINTIFF. THAT IS WHEN BOTH PUBLIC SAFETY OFFICER OF ST. FRANCIS MEDICAL CENTER, SERGIO SARABIA AND TANIESHA COLEMAN, BEGAN TO SURROUND THE PLAINTIFF IN AN ATTEMPT TO FORCEFULLY REMOVE HIM FROM THE HOSPITAL. THE PLAINTIFF REPEATEDLY ASKED WHY WAS HE BEING REMOVED FROM THE HOSPITAL, WHEN HE HAD NOT BEEN TREATED OR EXAMINED. DEFENDANTS SARABIA AND COLEMAN CONTINUED TO FOLLOW THE PLAINTIFF UNTIL HE WAS IN THE PARKING GARAGE WHERE HIS FAMILY AWAITED HIM. THE PLAINTIFF WAS FORCED OUT OF THE HOSPITAL AND COULD NOT OBTAIN THE TREATMENT HE SOUGHT OUT.

FAC at 4:8–15, 4:19–20, 5:18, 7:2–4, 11:5–14, 12:7–26.

St. Francis argues that it was unable to perform a screening pursuant to EMTALA because Wilson left the hospital on his own accord. Mot. at 7. However, taking the factual allegations of the FAC as true—as this Court must on a motion to dismiss—the Court finds that Wilson has adequately alleged he was forcibly removed from the premises and did not leave voluntarily. *See Iqbal*, 556 U.S. at 663 ("[D]etailed factual allegations are not required, but the Rule does call for sufficient factual matter, accepted as true.") (internal citation and quotations omitted). Wilson provides detailed factual allegations about how he was left unconscious in the waiting room for five hours without being screened. FAC at 4:19–20, 5:18. When he awoke to find that he had already been called, he attempted to lodge a complaint. *Id.* At that point, he was escorted out of the building by security without being screened. *Id.* at 11–12. Based upon these allegations, the Court finds that Wilson has sufficiently alleged a claim for failure to screen.

ii. <u>Wilson has sufficiently alleged a claim for failure to stabilize under EMTALA.</u>

Wilson additionally alleges that St. Francis failed to satisfy its duty to stabilize his medical condition. FAC at 2. St. Francis argues that this claim should be dismissed on the basis that St. Francis did not have a duty to stabilize since it did not diagnose Wilson with an emergency condition.

EMTALA provides in relevant part:

> If any individual (whether or not eligible for benefits under this subchapter) comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either—(A) within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or (B) for transfer of the individual to another medical facility in accordance with subsection (c).

42 U.S.C. § 1395dd(b)(1). The hospital's duty to stabilize arises only when it actually detects an emergency medical condition. *Jackson*, 246 F.3d at 1257.

Wilson alleges the following facts in support of his failure to stabilize claim:

> 3:3–7. JOHANNA VIZCARRA INFORMED DEFENDANT ROSEMARY MARTINEZ, WHO IS A NURSE OF ST. FRANCIS MEDICAL CENTER, THAT CHRISTOPHER WILSON WAS JUST RUN OVER BY A SPEEDING VEHICLE AND WAS INJURED BADLY.

> 3:13–17. JOHANNA VIZCARRA DID RELINQUISH CARE OF THE PLAINTIFF TO DEFENDANT MARTINEZ AFTER PUTTING HER ON NOTICE OF HIS CONDITION AND EMERGENCY NEEDS.
>
> 6:16–22. DEFENDANT MARTINEZ'S FAILED TO SUMMON THE APPROPIATE HELP, AND THAT NEGLIGENCE CAUSED ST. FRANCIS MEDICAL CENTER, TO PROVIDE SUBSERVIANT SERVICE TO THE PLAINTIFF BY FAILING TO EXAMINE AND STABILIZE HIS CURRENT EMERGENCY MEDICAL CONDITION.
>
> 7:25–28. ST. FRANCIS MEDICAL CENTER FAILED TO ALERT ANY ONCALL PHYSICIANS TO THE PLAINTIFF'S EMERGENCY MEDICAL CONDITION.
>
> 8:5–11. THE PLAINTIFF BEGAN WALKING TO THE NURSES STATION INSIDE OF ST. FRANCIS MEDICAL CENTER'S EMERGENCY DEPARTMENT AND ADVISED DEFENDANT LEILANIE ARSUA HE HAD NOT BEEN TREATED. PLAINTIFF ALERTED DEFENDANT ARSUA THAT HE'D BEEN HIT BY A CAR AND WAS IN ALOT OF PAIN.
>
> 9:28–10:4. PLAINTIFF'S VISIBLE APPEARANCE SHOWS HE WAS INVOLVED IN A TRAUMATIC INCIDENT. HIS FACE WAS BLEEDING FROM THE IMPACT OF THE CARS WINDSHIELD.

FAC 3:3–7, 3:13–17, 6:16–22, 7:25–28, 8:5–11, 9:28–10:4.

St. Francis argues that it was unable to stabilize pursuant to EMTALA because Wilson left prior to being evaluated. Mot. at 8. However, taking the factual allegations of the FAC as true—as this Court must on a motion to dismiss—the Court finds that Wilson has adequately alleged he was forcibly removed from the premises and did not leave voluntarily. *See Iqbal*, 556 U.S. at 663. Wilson provides detailed factual allegations about how both he and Johanna Vizcarra informed St. Francis staff that "he was run over by a car." FAC at 3:13–17, 8:5–11. Furthermore, the staff would have been able to see the severity of his condition given his bleeding. *Id.* at 9:28–10:4. Based upon these allegations, the Court finds that Wilson has properly alleged that he put St. Francis on notice of his emergency condition, thereby triggering St. Francis's statutory duty to provide "such treatment as may be required to stabilize [his] medical condition." 42 U.S.C. § 1395dd(b)(1).

For these reasons, the Court finds that Wilson has sufficiently alleged a claim for failure to stabilize. As such, the Motion is DENIED.

### C. Wilson's premises liability claim against St. Francis (fourth cause of action) is not properly pleaded.

Wilson brings a cause of action for premises liability against St. Francis. FAC at 2. St. Francis seeks to dismiss this claim, arguing that Wilson has alleged no facts that a dangerous condition existed on the premises or that St. Francis failed to exercise reasonable care in the

maintenance of its premises. Mot. at 10. Wilson has not addressed St. Francis's arguments in his Opposition.

Under California law, the elements for premises liability are: "a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Ct.*, 1 Cal. 5th 1132, 1158 (Cal. 2016). While the elements of premises liability and general negligence are the same, a premises liability claim is distinct from a negligence claim as it "is grounded in the possession of the premises and the attendant right to control and manage the premises." *Id.* "Broadly speaking, premises liability alleges a defendant property owner allowed a dangerous condition on its property . . . ." *Delgado v. American Multi-Cinema, Inc.*, 72 Cal. App. 4th 1403, 1406 n.1 (Ct. App. 1999).

Here, Wilson alleges no facts concerning a dangerous condition on St. Francis's premises. While Wilson may have viable claims for negligence or professional negligence based upon the conduct of St. Francis's employees, he has not presented any factual allegations in support of a claim for premises liability.

While Wilson has failed to sufficiently plead his claim for premises liability, the Court may consider whether he should be given leave to amend his FAC. The Ninth Circuit has held that "[a]lthough leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). The Court finds that Wilson may cure his FAC by providing more factual details. For these reasons, the Court GRANTS the Motion with leave to amend as it relates to the premises liability claim.

/ / /

/ / /

/ / /

# CONCLUSION

In light of the foregoing reasons, the Court ORDERS as follows:

1. The Motion is DENIED as it relates to Wilson's EMTALA claim for failure to screen;
2. The Motion is DENIED as it relates to Wilson's EMTALA claim for failure to stabilize;
3. The Motion is GRANTED with leave to amend as it relates to Wilson's premises liability claim;
4. St. Francis's Request for Judicial Notice of Exhibit A is GRANTED; and
5. Wilson's Request for Judicial Notice of Exhibits A and B is DENIED.

**IT IS SO ORDERED.**

Dated: November 28, 2022

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge