O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WILSON,<br><br>Plaintiff,<br><br>v.<br><br><br>ST. FRANCIS MEDICAL CENTER, ET AL.,<br><br>Defendants. | Case No.: LA CV 21-05587-MEMF(ASx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 99]** |

Before the Court is the Motion for Summary Judgment filed by Plaintiff Christopher Wilson. ECF No. 99. For the reasons set forth below, the Court GRANTS the Motion. The Court deems this matter appropriate for resolution without oral argument and vacates the hearing set for December 1, 2022. *See* C.D. Cal. L.R. 7-15.

/ / /

/ / /

/ / /

1

## I. Background

### A. Factual Background[1]

On June 21, 2021, Plaintiff Christopher Wilson ("Wilson") was hit by a vehicle and transported to St. Francis Medical Center ("St. Francis"). ECF No. 100 ("Pl. SUF") ¶¶ 1–2. Wilson was never placed under observation by St. Francis. *Id.* ¶ 3. St. Francis did not conduct a medical screening. *Id.* ¶ 4. Wilson was left unattended in the waiting room for five hours, where he eventually fell asleep. ECF No. 111 ("FAC") at 3:18–4:26. After realizing he had been left unattended, he attempted to lodge a complaint with St. Francis employees. *Id.* at 9:7–11. Instead of providing him with care, the employees asked Wilson to leave and escorted him out of the building. *Id.* at 12:4–26.

Wilson was later diagnosed with a concussion and brain contusion by doctors at Centenela Hospital. *Id.* at 13:5–10. As a result of his injuries, Wilson continues to suffer from a speech impediment, severe headaches, dizzy spells, and has difficulty performing daily tasks. *Id.* at 13:11–15.

### B. Procedural Background

On July 9, 2021, Wilson filed this action against St. Francis. ECF No. 1. On April 22, 2022, Wilson filed a First Amended Complaint against St. Francis, and its employees Rosemary Martinez ("Martinez"), Leilanie Arsua ("Arsua"), Sergio Sarabia ("Sarabia"), and Taniesha Coleman ("Coleman") (collectively, "Defendants"), alleging causes of action for: (1) violations of the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd; (2) negligence; (3) professional negligence; (4) premises liability; and (5) medical malpractice. *See generally* FAC.

On April 4, 2022, Wilson filed a Motion for Partial Summary Judgment on his EMTALA claims. ECF No. 99 ("Motion" or "Mot."). Defendants have not filed any Opposition.[2] On May 18, 2022, St. Francis filed a Motion to Dismiss. ECF No. 119.

---

[1] The facts set forth below are taken from the First Amended Complaint. ("FAC") ECF No. 111.

[2] The Court set forth a briefing schedule in September. ECF No. 141. It appears that at one point St. Francis may have intended to file its own cross-motion for summary judgment on the EMTALA claims, in contravention of this Court's Standing Order. *See* ECF No. 101 ("Wilson Decl.") ¶ 16 and Ex. F.

## II. Applicable Law

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those that may affect the outcome of the case. *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Under Rule 56(a), a court also has authority to grant partial summary judgment, or "judgment on less than the entire case." 10B Charles Alan Wright & Arthur R. Miller, FEDERAL PRAC. & PROC. § 2737 (4th ed. 2022) (citing FED. R. CIV. P. 56(a)). Under Rule 56(g), a court that "does not grant all the relief requested by the motion . . . may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." FED. R. CIV. P. 56(g).

A court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This means that:

> In cases where the plaintiff would have the burden of proof by a preponderance of the evidence, the defendant moving for summary judgment must present evidence that would preclude a reasonable trier of fact from finding that it was more likely than not that the material fact was true, or the defendant must establish that an element of the claim cannot be established, by presenting evidence that the plaintiff does not possess, and cannot reasonably obtain, needed evidence.

*Christoff v. Union Pac. R.R. Co.*, 134 Cal. App. 4th 118, 120 (2005) (internal citations omitted). When the non-moving party bears the burden of proving a claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact as to an essential element of its case. *See Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990). If the moving party meets its burden, the burden shifts to the opposing party to set out specific material facts showing a genuine issue for trial. *See Anderson*, 477 U.S. at 248–49.

A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. S.*A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *See id.* "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed." FED. R. CIV. P. 56(e)(2). The Court need not "comb the record" looking for other evidence; it is only required to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein. FED. R. CIV. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252.

### III. Discussion

#### A. Findings of Fact

The Court finds that the following material facts are established for trial under FED. R. CIV. P. 56(a) and FED. R. CIV. P. 56(g).

On June 21, 2021, Wilson was hit by a vehicle and transported to St. Francis, suffering head and body injuries. Pl. SUF ¶¶ 1–2.

Wilson was admitted to St. Francis. Pl. SUF ¶ 6. Wilson's companion that day–Johanna Vizcarra—informed Martinez that Wilson was "hit by a vehicle" and "needed medical attention." Wilson Decl. ¶¶ 3, 6, 7. Vizcarra was not permitted inside the hospital. Wilson Decl. ¶ 4. St. Francis's medical records reflect that Wilson had been run over by a car. *Id.* ¶ 15 and Ex. E. Furthermore, Martinez "observe[d] and noted [Wilson's] injuries" but "made no attempt to assign a provider for observation." *Id.* ¶ 4. Instead, Wilson was left to wait without observation.[3] *Id.* Wilson was never placed under observation by St. Francis. Pl. SUF ¶ 3. St. Francis did not conduct a medical screening. *Id.* ¶ 4.

---

[3] In its Motion to Dismiss, St. Francis contends that Wilson was placed on the "list of over 70 patients waiting to be triaged." ECF No. 119 ("Motion to Dismiss") at 7.

Wilson fell asleep, and when he awoke, he informed Arsua that he had been hit by a vehicle. Wilson Decl. ¶ 6. Arsua advised Wilson that Wilson's name had been called, and there was nothing Arsua could do to have Wilson seen. *Id.* Arsua eventually called for security to escort Wilson out of the hospital. *Id.* Finally, Wilson "inform[ed] [Coleman and Sarabia] that he was hit by a car and had a severe headache" and yet "was told to leave the hospital." *Id.* ¶ 7.

Wilson was requesting a medical screening as he was escorted out of the hospital. Pl. SUF ¶ 10.

### B. Wilson is entitled to summary judgment on his EMTALA claim.

Wilson argues that he is entitled to summary judgment on his EMTALA claim as (1) St. Francis failed to determine that he had an emergency condition; and (2) St. Francis failed to stabilize him. Mot. at 13–17.

> i. <u>Wilson is entitled to summary judgment on his EMTALA claim for failure to screen.</u>

Under EMTALA, a hospital has duty to screen a patient for an emergency medical condition. *See* 42 U.S.C. § 1395dd; *Jackson v. East Bay Hospital*, 246 F.3d 1248, 1254–55 (9th Cir. 2001). In order to satisfy the statutory screening requirement, a hospital must "provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition . . . exists.'" *Baker v. Adventist Health, Inc.*, 260 F.3d 987, 992 (9th Cir. 2001) (citing 42 U.S.C. § 1395dd(a)).

It is undisputed that Wilson did not receive a medical screening. Furthermore, the Court finds no genuine dispute that St. Francis's emergency department had the capability to provide a medical screening, and yet refused to do so. When Wilson woke up in the waiting area and proceeded to the nurses' station to seek care, Arsua "informed [Wilson that Wilson] had been called and there was nothing [Arsua] could do." Wilson Decl. ¶ 6. St. Francis has not filed an Opposition nor supplied any material facts to create a dispute. Because St. Francis "fails to properly address [Wilson's] assertion of fact . . . the court may . . . consider the fact undisputed." FED. R. CIV. P. 56(e)(2). Furthermore, in its Motion to Dismiss, St. Francis similarly asserts that the reason Wilson was not

seen was because "his name was taken out of the system" when he did not respond to being called and because "he needed to go outside and re-register in order to be seen" and "[h]e did not wish to do so." Motion to Dismiss at 7. Therefore, even drawing all reasonable inferences in favor of St. Francis, the nonmoving party, the undisputed facts are that St. Francis could have provided Wilson a screening but declined to do so because Wilson did not respond when his name was first called. Accordingly, Wilson has met his burden on summary judgment, and the burden shifts to St. Francis to set out specific material facts showing a genuine issue for trial. *See Anderson*, 477 U.S. at 248–49. St. Francis has not filed an Opposition nor supplied any material facts to create a dispute. Because St. Francis "fails to properly address [Wilson's] assertion of fact . . . the court may . . . consider the fact undisputed." FED. R. CIV. P. 56(e)(2).

For these reasons, the Court GRANTS the Motion as it relates to the EMTALA claim for failure to screen.

    ii. <u>Wilson is entitled to summary judgment on his EMTALA claim for failure to stabilize.</u>

Under EMTALA, a hospital has a duty to stabilize a patient once it detects an emergency medical condition. *Jackson*, 246 F.3d at 1257. EMTALA provides in relevant part:

> If any individual (whether or not eligible for benefits under this subchapter) comes to a hospital and the hospital determines that the individual has an emergency medical condition, the hospital must provide either—(A) within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or (B) for transfer of the individual to another medical facility in accordance with subsection (c).

42 U.S.C. § 1395dd(b)(1).

It is undisputed that Wilson placed St. Francis on notice of his emergency condition. Both Johanna Vizcarra and Wilson informed St. Francis staff that he was "hit by a vehicle" and "needed medical attention." Wilson Decl. ¶¶ 3, 6, 7. The medical records Wilson was able to obtain reflect the note that he reported being "run over by a car." *Id.* ¶ 15 and Ex. E. Furthermore, Martinez "observe[d] and noted [Wilson's] injuries" but "made no attempt to assign a provider for observation." *Id.* ¶ 4. Finally, Wilson "inform[ed] the security . . . that he was hit by a car and had a severe headache" and yet "was told to leave the hospital." *Id.* ¶ 7.

Based upon these facts, the Court finds that St. Francis was on notice of his emergency condition and failed to stabilize him before asking him to leave the hospital. With the facts in his declaration, Wilson has met his burden on summary judgment; the burden is now on St. Francis to set out specific material facts showing a genuine issue for trial. *See Anderson*, 477 U.S. at 248–49. St. Francis has not filed an Opposition nor supplied any material facts to create a dispute. Because St. Francis "fails to properly address [Wilson's] assertion[s] of fact . . . the court may . . . consider the fact[s] undisputed." FED. R. CIV. P. 56(e)(2).

EMTALA was designed to avoid and redress exactly what happened here: Wilson was not screened prior to being asked to leave St. Francis despite waiting for five hours. He was also not stabilized despite multiple St. Francis personnel being on notice that he had been *run over by a car*, an obviously and indisputably emergency condition. The hospital's proffered reason for not screening or stabilizing him was that he fell asleep, didn't hear his name, and refused to re-register. But the undisputed facts show that St. Francis's actions in not attending to Wilson right away (despite being informed he had been *run over by a car*) and not even allowing his companion to join him (who presumably could have kept him awake or responded when his name was called) led to that situation. EMTALA does not permit St. Francis to escape liability by creating this dangerous situation. Further, while EMTALA permits hospitals to triage and prioritize based on severity of need, it does not permit a hospital to place arbitrary barriers in the way of seriously injured patients seeking help and then standing behind those barriers in claiming that the hospital was unable to screen or diagnose.

For these reasons, the Court GRANTS the Motion as it relates to the EMTALA claim for failure to stabilize.

### IV. Conclusion

In light of the foregoing reasons, the Court ORDERS as follows:

1. The Motion for Partial Summary Judgment is GRANTED as it relates to Wilson's EMTALA claims against St. Francis for failure to screen and failure to stabilize;
2. The parties shall appear before the Magistrate Judge assigned to this case for settlement proceedings regarding the following: (1) damages with respect to Wilson's EMTALA claim

against St. Francis; (2) liability and damages with respect to Wilson's remaining claims against St. Francis; and (3) liability and damages with respect to Wilson's claims against Martinez, Arsua, Coleman, and Sarabia.

3. Within sixty (60) days, the parties shall file a joint report on (1) the status of settlement proceedings and (2) the status of Wilson's premises liability claim, if he chooses to amend it per the Court's separate order on St. Francis's Motion to Dismiss; and

4. The Court shall defer ruling on Wilson's Motion for Court-Appointed Expert [ECF No. 103] pending the settlement proceedings.

**IT IS SO ORDERED.**

Dated: November 28, 2022

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge